IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LARRY HUDSON, § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | CA C-08-254 |
| § | | |
| UNIV. OF TEXAS MEDICAL BRANCH, § | | |
| ET AL., § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently incarcerated at TDCJ-CID's McConnell Unit in Beeville, Texas. Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants at the McConnell Unit in Beeville, Texas, were deliberately indifferent to his serious medical needs when treating his diabetes (D.E. 1). Service of process has been ordered (D.E. 15). Pending is plaintiff's second motion for appointment of counsel (D.E. 42).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).

Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, the defendants failed to properly treat his diabetes resulting in severely fluctuating glucose levels and harm to him. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony at the evidentiary hearing demonstrate that he is reasonably intelligent and articulate, and that he has a very good grasp of the facts in support of his claims and the legal basis for his claims. Plaintiff is able to adequately investigate and present his case at this stage of the proceedings. Plaintiff has not shown that any of his circumstances have changed since he filed his first motion for appointment of counsel.

Plaintiff claims he has been unable to examine his medical records. As soon as an answer is filed by counsel for the defendants, plaintiff may request a copy of his medical records directly from counsel. Appointment of counsel is unnecessary just for the purpose of obtaining access to medical records. Plaintiff may also request other discovery directly

from counsel for the defendants during the discovery period. The fact that plaintiff is on a medical chain is likewise not a reason for appointment of counsel. If plaintiff needs additional time to respond to pleadings or conduct discovery because of his circumstances, plaintiff may file a motion for additional time.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because there is no trial setting in this case. Service of process has been completed but no answer has yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 42) is denied without prejudice at this time.

ORDERED this 14th day of January, 2009.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE