### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **LARRY HUDSON, JR,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. C-08-254** |
| | § | |
| **UNIVERSITY OF TEXAS** | § | |
| **MEDICAL BRANCH,** *et al*, | § | |
|     **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND HIS COMPLAINT TO ADD LORRAINE REYNA, MARIA GONZALES, AND DON MCANEAR AS DEFENDANTS

Pending are plaintiff's motions for leave to amend his complaint to add Lorraine Reyna, Maria Gonzales, and Don McAnear as defendants (D.E. 89, 90, 91). The motions are denied.

### I.     Lorraine Reyna

Plaintiff claims that defendant Reyna was deliberately indifferent to his serious medical needs and seeks to add her as a defendant (D.E. 89).

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976). "Deliberate indifference describes a state of mind more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (construing Estelle, 429 U.S. at 104). To establish an Eighth Amendment violation, an inmate must show that a prison official "act[ed] with deliberate indifference [and] exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." Id. At 37.

A mere disagreement with the level and type of treatment is not actionable under the Eighth Amendment.  Estelle, 429 U.S. at 107; Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Young v. Gray, 560 F.2d 201 (5th Cir. 1977).  An incorrect diagnosis does not state an Eighth Amendment claim because the deliberate indifference standard has not been met.  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  Id. (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).  Delay in treatment may be actionable under § 1983 only if there has been deliberate indifference and the delay results in substantial harm.  Stewart v. Murphy, 174 F.3d 530, 537 (5th Cir. 1999); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.  Banuelos, 41 F.3d at 235.

Plaintiff alleges that Ms. Reyna, a Nurse Clinician III: (1) "pushed an alcohol pad in the plaintiff's direction with *Motel 6* written on it" on August 5, 2008; (2) "exceeded her authority by denying the plaintiff's A.M. insulin, contrary to the defendant's orders not to" on October 5, 2008; and (3) falsified documents (D.E. 89 at 2).  None of these allegations states a claim for deliberate indifference.  Plaintiff does not state nor is it reasonable to believe that he was harmed by the alcohol pad.  In fact, he was not touched by the alcohol pad.  Moreover, plaintiff does not state nor is it reasonable to believe that he was harmed by

2

missing a single insulin dosage on a single morning.  Finally, plaintiff has not described any documents which were falsified or how he was harmed.  Plaintiff's motion for leave to add Lorraine Reyna as a defendant (D.E. 89) is denied.

## II. Maria Gonzales

Plaintiff alleges that Maria Gonzales was deliberately indifferent to his serous medical needs and seeks to add her as a defendant.  Plaintiff alleges that Ms. Gonzales, a vocational nurse, tried on July 29, 2007 to inject plaintiff with an incorrect dosage of insulin.  Plaintiff admits that Ms. Gonzales did not inject him on that day and that he received his correct dosage of insulin from another nurse, and has not alleged or demonstrated any harm to him as a result of this incident.  Plaintiff also alleges that Ms. Gonzales "used her own discretion to deny the plaintiff insulin without authorization."  Plaintiff alleges no facts to support his conclusion. In any event, as a nurse she was required to use her training and judgment to determine proper medical care for plaintiff.  Furthermore, plaintiff has neither alleged nor demonstrated any harm resulting from this incident.  Plaintiff also claims that Ms. Gonzales falsified medical records that he refused insulin when he did not with intent to obstruct the production of evidence in the pending civil action.  Plaintiff fails to allege any specific facts or dates, failed to show how he was harmed by this action even if true, and fails to allege facts to support that Ms. Gonzales was aware of the pending lawsuit, especially because she was not a defendant served with process.  Plaintiff's motion to amend his complaint to add Ms. Gonzales as a defendant (D.E. 90) is denied.

3

### III.  Don McAnear

Plaintiff moves to amend his complaint to add Don McAnear, a McConnell Unit guard, as a defendant, claiming that he used excessive force against him on October 5, 2008 (D.E. 91).  The events about which plaintiff complains are unrelated to his medical claims in this lawsuit.  This lawsuit has been pending for some time.  Adding a claim of excessive force to this lawsuit would be a distraction and would delay the proceedings.[1]  Plaintiff's motion to amend (D.E. 91) is denied without prejudice.  Plaintiff can file a separate lawsuit against Mr. McAnear alleging excessive force.

ORDERED this 6th day of May, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1]Although Dr. Murray was recently added as a defendant, he is an official capacity defendant for purposes of injunctive relief only, and the addition of Dr. Murry will not delay proceedings in the case because plaintiff has already been given copies of his medical records. Adding an excessive force claim will delay the discovery and dispositive motion deadlines on the question of qualified immunity.

4